UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SUNNY SAHOTA** | **CIVIL ACTION NO. 14-2722** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **KEVIN W. COBB, FRANKLIN PARISH SHERIFF, AND JAMES BUSBY, DEPUTY** | **MAG. JUDGE KAREN L. HAYES** |

<u>RULING</u>

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment [Doc. No. 18]. Plaintiff moves for partial summary judgment on six defenses pled by Defendants Kevin W. Cobb and James Busby.  Defendants filed an opposition memorandum [Doc. No. 20].  Plaintiff filed a reply memorandum [Doc. No. 22].

For the following reasons, the motion is GRANTED.

**I.     Procedural Matters and Standard of Review**

Plaintiff moves for partial summary judgment on six of Defendants' defenses: (1) the second defense of lack of subject matter jurisdiction based on no diversity of citizenship; (2) the third defense of the lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000; (3) the seventh defense of contributory negligence and/or assumption of risk; (4) the eleventh defense of the statutory limitations of liability, costs, and interest contained in LA. REV. STAT. 13:5106 and LA. REV. STAT. 13:5112; (5) the thirteenth defense of immunity under LA. REV. STAT. 9:2798.1; and (6) the fourteenth defense that Plaintiff's claims are time barred.

Defendants respond to Plaintiff's motion by arguing that it is improperly styled as a motion for partial summary judgment when Plaintiff actually moves to strike their defenses pursuant to Rule

12(f).  Defendants argue further that the motion is premature because discovery is not yet complete.

In reply, Plaintiff contends that his motion is properly brought pursuant to Rule 56(a), which allows him to move for summary judgment on any claim or defense "'at any time.'" [Doc. No. 22, p. 1 (quoting FED. R. CIV. P. 56(b))].  He argues further that the motion is not premature because he raises pure issues of law, and, thus, there are no issues of fact that would require discovery.

Rule 56(a) provides:

A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

A motion for summary judgment or partial summary judgment may be filed "at any time until 30 days after the close of all discovery."  FED. R. CIV. P. 56(b).

Rule 12(f) provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

A Rule 12(f) motion to strike is analogous to a Rule 12(b)(6) motion to dismiss.  If a party challenges the factual sufficiency of a defense, then a Rule 12(f) motion may be converted to a Rule 12(b)(6) motion to dismiss or to a Rule 12(c) motion for judgment on the pleadings.  If the court considers extrinsic evidence, then a motion to strike may be converted to a motion for summary judgment. *See Liberty Mut. Ins. Co. v. Precision Valve Corp.*, 402 F. Supp.2d 481, 484 (S.D. N.Y. 2005).

Finally, under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for

2

specified reasons, it cannot present facts essential to justify its opposition, the court may take one

of three actions: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

declarations or to take discovery; or (3) issue any other appropriate order."

The Court has considered Plaintiff's unopposed arguments as to each of the defenses in turn

in light of Defendants' objection that the motion is "premature."

As a sister court recently explained:

Some courts rule that a Rule 12(f) motion to strike is the proper procedure to strike
an affirmative defense and that parties may not move for partial summary judgment
on affirmative defenses. 10B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE
AND PROCEDURE § 2737 (3d ed.2004) (citing *Bernstein v. Universal Pictures, Inc.*,
379 F.Supp. 933 (D.C.N.Y.1974) and *Uniroyal, Inc. v. Heller,* 65 F.R.D. 83
(S.D.N.Y.1974)). Other courts allow partial summary judgment, as it "enable[s] the
district court to enter an order indicating that the defense in no longer in controversy"
and is not limited to the pleadings like a motion to strike. 5C CHARLES ALAN
WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d
ed.2004); 10B CHARLES ALAN WRIGHT ET AL., *supra,* § 2737.

*United States ex rel. King v. Solvay, S.A.*, 304 F.R.D. 507, 510 (S.D. Tex. 2015).

The Court agrees with the *King* court that the latter approach is appropriate in this case.  If

Plaintiff had filed a motion to strike, that motion would have been untimely, as the motion was filed

more than 21 days after Defendants' Answer.  However, at this stage of the litigation, the Court can

consider both the pleadings, as it would for a motion to strike, or evidence outside the pleadings, as

it would for summary judgment.[1]

To the extent that Defendants have attempted to rely on Rule 56(d) to request deferment, they

have failed to comply with the requirements of that rule.  They did not submit an affidavit or

---

[1]Notably, even if Plaintiff had timely filed a motion to strike, the Court could have
converted the motion to strike to a motion for summary judgment if it considered evidence
outside the pleadings.

declaration, nor did they provide the Court with specified reasons why they could not present facts essential to justify their opposition without further discovery.

The Court has some inherent authority to act in the interests of justice in cases before it. However, in this case, applying the summary judgment standard, the Court finds no reason to delay ruling on Plaintiff's arguments.[2]

## II.      Challenged Defenses

### A.      Subject Matter Jurisdiction

Plaintiff moves for partial summary judgment on two defenses related to subject matter jurisdiction: Defendants' second defense that there is a lack of diversity of citizenship and their third defense that the amount in controversy does not exceed $75,000.

In his Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and under state law.  Thus, the Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Regardless of any discovery to be conducted, as Plaintiff correctly points out, Defendants' second and third  defenses are inapplicable and irrelevant.  Therefore, Plaintiff's Motion for Partial Summary Judgment on these two defenses is GRANTED.

### B.      Contributory Negligence and/or Assumption of Risk

---

[2]Defendants' response that all arguments should be deferred until after the close of discovery is disingenuous when legal issues are presented.  They had the opportunity to respond to Plaintiff's arguments on the legal issues and chose not to do so.  Therefore, the Court will rule without Defendants' substantive opposition.

Plaintiff also moves for partial summary judgment on Defendants' seventh defense of contributory negligence and/or assumption of risk because it is inapplicable to a civil rights action.

"[I]t is well settled that comparative negligence does not apply to damages for federal constitutional rights violations." *Blair v. Harris*, 993 F.Supp.2d 721, 727 (E.D. Mich. 2014).  Thus, Defendants cannot assert this defense to Plaintiff's § 1983 claims.   Plaintiff's Motion for Partial Summary Judgment on the inapplicability of this defense to his federal claims is GRANTED. Plaintiff has also asserted state law claims in his Amended Complaint and makes no argument on the applicability of the defense to these claims.   Thus, the Court renders no opinion on the availability of this defense to the state law claims.

### C.      Statutory Limitations of Liability, Costs, and Interest Contained in LA. REV. STAT. 13:5106 and LA. REV. STAT. 13:5112

Plaintiff also moves for summary judgment on Defendants' defenses under LA. REV. STAT. 13:5106 and LA. REV. STAT. 13:5112.  Defendants assert that as a "political subdivision of the State of Louisiana," they are entitled to plead these statutory defenses.  Section 5106(B)(1) caps  the liability for a political subdivision of the State at $500,000.00.  Section 13:5112 sets the time for accrual and rate of legal interest on any personal injury claim against a political subdivision of the State.

It is clear that a sheriff and his deputy are not entitled to sovereign immunity against a plaintiff's civil rights claim, and, thus, § 13:5106(A) prohibiting suit in any court other than a Louisiana state court does not apply. *See Cozzo v. Tangipahoa Parish Council-President Gov't.*, 279 F.3d 273, 283 (5th Cir. 2002).  Nevertheless, Defendants maintain that they still may rely on the remaining provisions of § 13:5106 and the applicable provisions of § 13:5112 because a sheriff is a "political subdivision" of the State.  LA. REV. STAT. § 13:5102(B) (A political subdivision is

5

defined as "[a]ny parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.").

However, Plaintiff argues that State statutes are not applicable in the instant case under the Supremacy Clause and by the terms of the statutes themselves. Defendants offer no response to these arguments.

The Supremacy Clause, Article VI, Clause 2 of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the Contrary notwithstanding.

It has long been established that "a state statute is void to the extent that it actually conflicts with a valid federal statute"; said conflict is found where compliance with both federal and state law is impossible or if the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Edgar v. Mite Corp.*, 457 U.S. 624, 631 (1982). For causes of action under § 1983, Congress has provided that prevailing plaintiffs may recover compensatory damages, which "may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation . . ., personal humiliation, and mental anguish and suffering.'" *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (internal citations omitted). Plaintiffs may also recover punitive damages, costs, and attorneys' fees. *See Smith v. Wade*, 461 U.S. 30 (1983); FED. R. CIV. P. 54(d); 42 U.S.C. § 1988. Finally, the rate of interest is further determined under federal law. 28 U.S.C. § 1961. Thus, the State cannot "determine [or cap or limit] the level of damages in cases arising under [this] federal law" without "offend[ing] the supremacy clause."

6

*See generally Evans v. City of Chicago*, 10 F.3d 474, 482 (7th Cir. 1993); *see also Bradshaw v. School Bd. of Broward Cty., Fla.*, 486 F.3d 1205, 1209 (11th Cir. 2007) (". . . where Title VII authorizes an award *greater* than $100,000, the Supremacy Clause ensures that Florida can do nothing to limit the size and execution of a federal award.."). Under these circumstances, Plaintiff's Motion for Partial Summary Judgment on Defendants' defenses under LA. REV. STAT. 13:5106 and LA. REV. STAT. 13:5112 is also GRANTED.[3]

### D.    Immunity under LA. REV. STAT. 9:2798.1

Next, Plaintiff moves for partial summary judgment on Defendants' defense under La. Rev. Stat. 9:2798.1, which provided immunity to "public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." Discretionary immunity under § 9:2798.1 does not apply "[t]o acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." LA. REV. STAT. § 9:2798.1(C)(2).    The "immunity is not automatic just because [an] official had some discretion. Immunity extends only to those choices narrowly defined as policy-making or planning. Operational choices . . . which involve the implementation of policy, are not immune. *Brown v. City of Monroe*, 48,764 (La. 2d App. 2/26/14); 135 So.3d 792, 799 n.2 (citing *Berkovitz v. U.S.*, 486 U.S. 531 (1988)).

First, "discretionary acts immunity only applies to state law claims. It does not preclude liability under Section 1983." *Mills v. City of Shreveport*, 58 F.Supp.2d 677, 683 (W.D. La. 2014)

---

[3]The Court need not reach Plaintiff's additional arguments under the Louisiana Governmental Immunity Act, La. Rev. Stat. 13:5101, *et seq.*

(citing *Pea v. City of Ponchatoula*, No. 13–542, 2014 WL 1050783 at *4 (E.D. La. Mar. 17, 2014)).

Thus, Plaintiff's Motion for Partial Summary Judgment on the inapplicability of this defense to his

§ 1983 claims is GRANTED.

Second, Plaintiff has moved for summary judgment on the applicability of this defense to his

state law claims of wrongful arrest and malicious prosecution.  Each of these claims requires

Plaintiff to prove intentional misconduct by Defendants, and, thus, the discretionary acts immunity

defense appears to be unavailable.[4]  Therefore, Plaintiff's Motion for Partial Summary Judgment on

the inapplicability of this defense to the state law claims contained in his Amended Complaint is also

GRANTED.[5]

---

[4]In *Eusant v. Unity Industrial Life Ins.*, 195 La. 347, 351-52, 196 So. 554, 556 (1940), the Louisiana Supreme Court stated the elements of a malicious prosecution action:

(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) **the presence of malice therein[**; and ](6) [d]amage conforming to legal standards resulting to plaintiff.

(emphasis added); *see also Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984).

Wrongful arrest, or the tort of false imprisonment, occurs when one arrests and restrains another against his will and without statutory authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. Tabora v. City of Kenner, 94-613, p. 8 (La.App. 5 Cir. 1/8/95), 650 So.2d 319, 322, writ denied, 95-0402 (La.3/30/95), 651 So.2d 843.

*Kennedy v. Sheriff of East Baton Rouge*, 2005-1418 (La. 7/10/06); 935 So.2d 669, 690.

[5]To the extent that Plaintiff may later assert other state law claims, the Court finds that Defendants have met their burden of raising this affirmative defense.  The Court expresses no opinion as to whether the defense may be available as to yet unnamed state law claims.

E.      Timeliness

Finally, Plaintiff moves for Partial Summary Judgment on Defendants' defense that his claims are barred by the applicable statute of limitations.

Plaintiff's claims in this suit are brought pursuant to 42 U.S.C. § 1983 and state tort law, all of which are subject to a 1-year prescriptive period.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (The statute of limitations period for a § 1983 claim "is that which the State provides for personal-injury torts.")(citations omitted); *Murray v. Town of Mansura*, 06–355 (La. App. 3 Cir. 9/27/06), 940 So.2d 832, 838, *writ denied*, 06–2949 (La.2/16/07), 949 So.2d 419, *cert. denied*, 552 U.S. 915 (2007) ( A claim for malicious prosecution is subject to the one-year liberative prescriptive period for delictual actions);  *Merrick v. Gaubert's Food Mart, Inc.*, 2013 WL 1898824, at * 2 (E.D. La. May 7, 2013) (claim for wrongful arrest "prescribed one year from the date she sustained that injury –the arrest . . . ).

However, the Court must also consider when the one-year limitations or prescriptive period accrued.  As to Plaintiff's § 1983 claim, the limitations period is borrowed from state law, but the accrual date is a matter of federal law.  *Wallace*, 549 U.S. at 388.  When the § 1983 claim is based on a wrongful arrest, the Supreme Court has held that the prescriptive period or statute of limitations begins to run from the date the plaintiff "appeared before the examining magistrate and was bound over for trial."  *Id.* at 391.  As to his state law wrongful arrest claim, which is treated as a false imprisonment claim, the prescriptive period begins to run from the date of his arrest and release. *Hampton v. Kroger Co.*, 27,073 (La. App. 2 Cir. 6/21/95); 658 So.2d 209, 212.  As to his malicious prosecution claim, the prescriptive period begins to run only after the underlying prosecution is dismissed or terminated.  *See Warren v. Board of Sup'rs of La. State Univ. and Agr. And Mech.*

*College*, 2014-0310 (La. App. 1 Cir. 11/20/14); 168 So.3d 436, 438.  Thus, the earliest that Plaintiff could have been required to file his lawsuit on any claim was within one year of the date of his arrest.

Plaintiff was arrested on September 13, 2013, and his lawsuit was filed in this Court on September 14, 2014.  However, September 13, 2014, was a Saturday.  The Court looks to state law for tolling principles in § 1983 actions.  *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 & n.8 (5th Cir.1992).

"Prescription accrues upon the expiration of the last day of the prescriptive period, and if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday."  La. Civ. Code art. 3454; *see also* LA. CODE CIV. P. ART. 5059.  A Saturday is a legal holiday.  *See* La. R.S. 1:55 E(3).  His lawsuit was thus timely filed electronically by counsel on Sunday, September 14, 2014.  Plaintiff's Motion for Partial Summary Judgment on Defendants' timeliness objections is GRANTED.

**III.    Conclusion**

For the foregoing reasons,  Plaintiff's Motion for Partial Summary Judgment [Doc. No. 18] is GRANTED, and Defendants shall not be permitted to rely on their second defense of lack of subject matter jurisdiction based on no diversity of citizenship; their third defense of the lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000; their eleventh defense of the statutory limitations of liability, costs, and interest contained in LA. REV. STAT. 13:5106 and LA. REV. STAT. 13:5112; their thirteenth defense of immunity under LA. REV. STAT. 9:2798.1; and their fourteenth defense that Plaintiff's claims are time barred.  Additionally, Defendants will not be permitted to rely on their seventh defense of contributory negligence and/or assumption of risk as to Plaintiff's claims under 42 U.S.C. § 1983.

MONROE, LOUISIANA, this 6th day of November, 2015.


**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**